**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| MARIO RESENDIZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | 16CV11046 |
| ) | |
| The CITY OF CHICAGO, Illinois, a municipal ) | Judge |
| corporation, Chicago Police Detectives ) | |
| THOMAS D. CARR (#21612), ROGER E. ) | Magistrate Judge |
| MURPHY (#20681), DAVID M. MINELLI ) | |
| (#20515) and BRIAN H. LUTZOW (#21328), ) | |
| COOK COUNTY, Illinois, and Assistant State's ) | |
| Attorney DAVID HERRERA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff, MARIO RESENDIZ, by his attorneys, HAMILTON LAW OFFICE, LLC, makes the

following complaint against Defendants CITY OF CHICAGO, Illinois ("Defendant CITY"),

Chicago Police Detectives THOMAS CARR (#21612), ROGER MURPHY (#20681), DAVID

MINELLI (#20515), and BRIAN LUTZOW (#20308) ("Defendant DETECTIVES"), COOK

COUNTY, Illinois, and Assistant State's Attorney DAVID HERRERA:

### JURISDICTION and VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law

    of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this

    complaint occurred within this district.

### PARTIES

4. Plaintiff MARIO RESENDIZ is a twenty-three year old resident of Chicago, Illinois.

1

5. At all relevant times, Defendant DETECTIVES are or were Chicago Police Detectives, employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. At all relevant times, Defendant DAVID HERRERA was an Assistant State's Attorney and prosecutor, employed by Defendant COOK COUNTY, and acting under color of law and within the scope of his employment.

7. While Defendant HERRERA was employed as a prosecutor, all of his conduct that is pertinent to this case was investigative rather than prosecutorial and occurred before any court proceedings began.

8. Defendant COOK COUNTY is a local government entity in the State of Illinois. Defendant COUNTY is, or was at all relevant times, the employer and principal of Defendant HERRERA. Should Plaintiff prevail on his claims against HERRERA, Defendant COUNTY must indemnify HERRERA on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

9. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case was the employer and principal of Defendant DETECTIVES. Should Plaintiff prevail on his claims, Defendant CITY must indemnify Defendant DETECTIVES on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

10. On August 9, 2012 Yousef Allan was shot and killed in Chicago, Illinois.

11. On August 17, 2012 Defendant DETECTIVES and Defendant OFFICERS caused Plaintiff to be arrested for the murder of Yousef Allan.

12. Defendant DETECTIVES did not obtain a warrant authorizing Plaintiff's arrest.

13. Defendant DETECTIVES fabricated evidence against Plaintiff, including false police reports and false witness statements.

14. Defendant HERRERA became involved in the investigation being conducted by Defendant DETECTIVES and went to the detectives' offices to assist in the investigation.

15. Defendant DETECTIVES and Defendant HERRERA bullied, coerced, and deceived witnesses into falsely implicating Plaintiff in the murder of Mr. Allen.

16. Defendant DETECTIVES and Defendant HERRERA also created false reports indicating that an independent eyewitness had identified Plaintiff in a line-up when she had not.

17. On August 19, 2012 Defendant DETECTIVES and Defendant HERRERA caused Plaintiff to be charged with first-degree murder.

18. The charges against Plaintiff were based on witness statements and evidence that was fabricated by DEFENDANTS.

19. There was no probable cause to believe that Plaintiff was involved in Mr. Allen's murder.

20. Defendant DETECTIVES and Defendant HERRERA withheld material and exculpatory evidence from Plaintiff and his attorneys. For example, they did not disclose that the independent eyewitness was not able to make an identification at the line-up and they failed to disclose that they had coerced her and other witnesses into providing false testimony to implicate Plaintiff for the murder of Mr. Allen.

21. Defendant DETECTIVES and Defendant HERRERA thereby caused a deprivation of Plaintiff's liberty since Plaintiff was held in the Cook County Jail for two years, three months, and seventeen days while the false murder charges were pending against him.

22. If it had not been for the misconduct of the DEFENDANTS in fabricating evidence against Plaintiff, his prosecution would not have commenced or continued.

23. On December 4, 2014 after interviewing the independent eyewitness, the Cook County State's Attorney's office dismissed the murder case against Plaintiff, and released him from jail..

3

24. As a result of the above described intentional and wrongful acts, Plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments.

   **WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for his damages, as well as punitive damages against the individual Defendants, costs and attorneys' fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

MARIO RESENDIZ, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

4