IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARIO RESENDIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16 CV 11046 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal corporation, Chicago Police Detectives THOMAS CARR (#21612), ROGER MURPHY (#20681), DAVID MINELLI (#20515) and BRIAN LUTZOW (#21328), COOK COUNTY, Illinois and Assistant State's Attorney DAVID HERRERA | ) ) ) ) ) ) ) ) | Judge KENDALL<br><br>Magistrate Judge SCHENKIER |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff, MARIO RESENDIZ, by his attorneys, HAMILTON LAW OFFICE, LLC, makes the following first amended complaint against Defendants CITY OF CHICAGO, Illinois ("Defendant CITY"), Chicago Police Detectives THOMAS CARR (#21612), R. MURPHY (#20681), DAVID MINELLI (#20515), and BRIAN LUTZOW (#20308) ("Defendant DETECTIVES"), COOK COUNTY, Illinois, and Assistant State's Attorney DAVID HERRERA:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this complaint occurred within this district.

**PARTIES**

4. Plaintiff MARIO RESENDIZ is a twenty-three year old resident of Chicago, Illinois.

5. At all relevant times, Defendant DETECTIVES are or were Chicago Police Detectives, employed by Defendant CITY, acting under color of law and within the scope of their employment.

6. Defendant DAVID HERRERA is, or was, at all relevant times, an Assistant State's Attorney and prosecutor, employed by Defendant COOK COUNTY, and acting under color of law and within the scope of his employment.

7. While Defendant HERRERA was employed as a prosecutor, all of his conduct that is pertinent to this case was investigative rather than prosecutorial and occurred before any court proceedings began.

8. Defendant COOK COUNTY is a local government entity in the State of Illinois. Defendant COUNTY is, or was at all relevant times, the employer and principal of Defendant HERRERA. Should Plaintiff prevail on his claims against HERRERA, Defendant COUNTY must indemnify HERRERA on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

9. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendant DETECTIVES. Should Plaintiff prevail on his claims, Defendant CITY must indemnify Defendant DETECTIVES on Plaintiff's federal claims pursuant to 735 ILCS 10/9-102.

**FACTS**

10. On August 9, 2012 Yousef Allan was shot and killed in Chicago, Illinois.

11. On August 17, 2012 Defendant DETECTIVES caused Plaintiff to be arrested for the murder of Yousef Allan.

12. Defendant DETECTIVES did not obtain a warrant authorizing Plaintiff's arrest.

13. Defendant DETECTIVES fabricated evidence against Plaintiff, including false police reports and false witness statements.

2

14. Defendant HERRERA became involved in the investigation being conducted by Defendant DETECTIVES and went to the detectives' offices to assist in the investigation.

15. Defendant DETECTIVES and Defendant HERRERA bullied, coerced, and deceived an eyewitness into falsely implicating Plaintiff in the murder of Mr. Allan.

16. Defendant DETECTIVES wrote police reports falsely claiming that that eyewitness identified Plaintiff in a police lineup as the person who shot Mr. Allan.

17. In fact, that eyewitness told Defendant DETECTIVES that Plaintiff was *not* the man who shot Mr. Allan.

18. After speaking with Defendant DETECTIVES, that same witness was interviewed by Defendant HERRERA.

19. The witness told HERRERA that she could not and did not identify anyone in the police lineup.

20. Nevertheless, Defendant HERRERA wrote a report or otherwise communicated to his colleagues and supervisors the false claim that the eyewitness had identified Plaintiff as the person who shot Mr. Allan.

21. On August 19, 2012, Defendant DETECTIVES and Defendant HERRERA caused Plaintiff to be charged with first-degree murder.

22. Defendants did not have probable cause to believe that Plaintiff was involved in Mr. Allan's murder.

23. Plaintiff is innocent of the murder of Yousef Allan.

24. Defendant DETECTIVES and Defendant HERRERA withheld material and exculpatory evidence from Plaintiff and his attorneys by concealing the fact that the eyewitness told them that Plaintiff was not the person who shot Mr. Allan.

25. The judge who determined that there was probable cause to detain Plaintiff for trial made that decision based solely on Defendants' fabricated evidence and false statements.

26. The grand jury that indicted Plaintiff for first-degree murder did so based solely on Defendants' fabricated evidence and false statements.

27. Defendant DETECTIVES and Defendant HERRERA caused a deprivation of Plaintiff's liberty because Plaintiff was held in the Cook County Jail for two years, three months, and seventeen days while the false first-degree murder charges were pending against him.

28. If it had not been for the misconduct of the Defendants in fabricating evidence against Plaintiff and concealing exculpatory evidence from Plaintiff, his prosecution would not have been commenced or continued.

29. On December 4, 2014 the Cook County State's Attorney's office dismissed the murder case against Plaintiff, terminating the case in a manner indicative of Plaintiff's innocence.

30. As a result of the above-described intentional and wrongful acts, Plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments.

## COUNT I
(42 U.S.C. § 1983 – Due Process Claim)

31. Each of the foregoing paragraphs is incorporated as if fully restated here.

32. As described above, Defendant DETECTIVES and Defendant HERRERA, acting as an investigator, individually, jointly, and in conspiracy with one another, deprived Plaintiff of his constitutional right to due process.

33. As described more fully above, Defendant DETECTIVES and HERRERA deliberately withheld material and exculpatory evidence from Plaintiff and his attorneys, thereby misleading and misdirecting the criminal prosecution of Plaintiff.

34. Defendants' misconduct directly resulted in the continued prosecution of Plaintiff for more than two years, thereby violating his constitutional right to due process guaranteed by the Fifth Amendment. Absent this misconduct, the prosecution of Plaintiff could not and would not have been pursued.

4

35. The misconduct described in this Count was undertaken with deliberate indifference to Plaintiff's rights, and in total disregard of the truth and of Plaintiff's actual innocence.

36. As a result of Defendants' misconduct described in this Count, Plaintiff suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for his damages, plus punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT II
(42 U.S.C. § 1983 – Fourth Amendment Unlawful Detention Claim)

37. Each of the foregoing paragraphs is incorporated as if fully restated here.

38. As explained more fully above, Defendant DETECTIVES and Defendant HERRERA, acting as an investigator, individually, jointly, and in conspiracy with one another, caused Plaintiff to be unlawfully charged with a crime and detained without legal justification to do so.

39. One or more of the Defendants was aware of his fellow Defendants' misconduct and had a reasonable opportunity to intervene to prevent harm to Plaintiff, but failed to do so.

40. As a direct and proximate result of Defendants' intentional misconduct, Plaintiff's extended pretrial detention was unsupported by probable cause in violation of the Fourth Amendment and he suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for his damages, plus punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

## COUNT III
(42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As described more fully above, Defendants reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

43. One or more of the individual Defendants further conspired to cover up their own, and each others' misconduct with respect to Plaintiff.

44. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

45. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

46. As a result of Defendants' acts or omissions, Plaintiff suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for his damages, plus punitive damages, as well as costs, attorneys' fees, and such other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

MARIO RESENDIZ, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397